# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 05-CR-240

TIMOTHY VALLEJO, et. al.,

        Defendants.

# ORDER

Six of the forty-nine defendants in this complex RICO conspiracy case have filed motions wherein evidentiary hearings are requested. It is well established that defendants are not entitled to the hearings as a matter of course. United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. Id. (citing United States v. Rollins, 862 F.2d 1282 (7th Cir. 1988)).

**MOTIONS FOR FRANKS HEARINGS**

**Gonzalo Mejia** ("Mejia") has field a motion to suppress evidence seized by law enforcement officers pursuant to a search warrant from a residence located at 2463 South 11th Street, Milwaukee, Wisconsin on October 12, 2005. (Docket No. 767). Mejia alleges that the affidavit submitted in support of the application for the search warrant omitted contradictory and conflicting evidences that would have defeated the probable cause to search the residence.

Specifically, Mejia alleges that the affiant (1) fails to establish the reliability of the confidential informant referenced in the affidavit ("CI-1"); (2) intentionally misrepresented the fact that CI-1 was a first-hand witness of a shooting when in fact CI-1 had simply obtained information from others of uncertain reliability; (3) failed to support the reliability of another confidential informant ("CI-4") and the affiant knew or had reason to know that the information from CI-4 was false or unreliable. Mejia requests an evidentiary hearing to resolve the issues of (1) whether the affidavit included deliberately misleading information or if relevant information was omitted; (2) whether these actions were knowingly or intentionally made or made with reckless disregard for the truth; and (3) if so, whether the inclusion of the omitted information or the exclusion of the misleading information would have undermined the court's determination of probable cause. Mejia estimates that two hours of in-court time is necessary for this evidentiary hearing.

The government has responded to Mejia's motion and objects to the need for an evidentiary hearing on the basis that Mejia has failed to make a "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," as is required by Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

**Israel Moreno** ("Moreno") has filed a motion to suppress evidence seized from his residence located at 2545 South 12th Street, Milwaukee, Wisconsin, on March 3, 2005 pursuant a search warrant. (Docket No. 772.) As grounds for his motion, Moreno alleges that the affidavit omitted certain essential information. Specifically, the affidavit states that "within the last 7 days" a confidential informant ("CI") was allegedly at Moreno's residence and heard Moreno brag about being a Latin King gang member and using firearms. However, seven days prior to the application for the search warrant would have been February 24, 2005 and on the late night hours of February 25, 2005, Moreno was arrested for a shooting that occurred on the Menominee Indian Reservation on the late night hours of February 23, 2005 and held in custody from that date forward. Moreno

has submitted an affidavit in which he alleges that he was at a hotel and not his residence following the shooting. The affidavit submitted in support of the application for the search warrant did not include information relating to the specific circumstances of Moreno's arrest. Moreno alleges that the affiant knew or should have known that Moreno was in custody and if the affiant had included these facts, there would not have been sufficient probable cause to sustain the warrant. Moreno requests an evidentiary hearing to resolve this motion but fails to comply with Criminal L.R. 12.3 by failing to include an estimate of the amount of in-court time necessary for the hearing. Moreno further requests that the CI be produced to explain the statements made to the affiant.

The government objects to Moreno's motion for a <u>Franks</u> hearing on the basis that Moreno has failed to demonstrate that the affiant knew or should have known that Moreno was arrested on February 26, 2005 in a hotel nearby the Menominee Indian Reservation and that Moreno had allegedly been in the area of the Menominee Reservation, and therefore not at his Milwaukee residence, for the past seven days.

**Jesus Tello** ("Tello") has filed a motion to suppress evidence seized from a residence at 2010 South 15th Street, Milwaukee, Wisconsin pursuant to a search warrant that was dated October 11, 2005 and executed October 12, 2005, on the basis that the probable cause set forth in the affidavit was based upon false statements. First, Tello argues that the affidavit contains false or misleading information regarding Tello having resided at 2010 South 15th Street. The affidavit states that Tello used the 15th Street address as his residence when he was arrested on April 27, 2005. Tello argued that this was impossible because, based upon records available at the time of his motion, there was no indication that he had been arrested on April 27, 2005. Additional records have subsequently become available and Tello acknowledges that he was arrested on April 27, 2005 and did use the 15th Street address as his address for bail purposes. Therefore, Tello has amended

3

his motion to argue that suppression is appropriate on the basis that the affidavit contained stale information.

Second, Tello argues that affidavit contained misleading information as to Tello's alleged involvement in a shooting. The affiant connects Tello to the shooting by way of the statements of a confidential informant. However, the affiant fails to describe the basis for the confidential informant's knowledge, specifically whether the confidential informant was an eyewitness to the shooting or if the informant's knowledge was based upon the statements of others.

Third, Tello argues that the affidavit contained misleading information because facts relating to Tello's alleged involvement in the attempted murder of Rene Carmona came from a different confidential informant whose reliability had been discredited. This confidential informant had been discredited because, according to the discovery materials in this case, the confidential informant stated that he had been in a car with Tello and two other persons during a shooting. However, two eyewitnesses to the shooting state that different persons were in the car.

Fourth, Tello argues that the affidavit contained misleading information because it contains the implication that Tello's April 27, 2005 arrest was related to his involvement with the Latin Kings. Although this initial motion was submitted without awareness of Tello's April 27, 2005 arrest, Tello's counsel has subsequently submitted to this court information acknowledging that Tello was arrested on outstanding warrants on April 27, 2005, soon after having been released from jail.

Fifth, Tello challenges the fact that the warrant authorized the seizure of "Latin King literature." Tello argues that the affidavit lacks any basis to connect Tello or the target residence to the Latin Kings. Tello requests an evidentiary hearing and estimates that such a hearing would require three hours of court time.

The government has responded to Tello's motion and objects to the need for an evidentiary hearing. Specifically, the government argues that Tello has failed to make a substantial preliminary showing that the affiant has intentionally or recklessly included false statements in the affidavit.

Prior to a court granting a defendant's request for a <u>Franks</u> hearing, the defendant must make a "substantial preliminary showing" that (1) the affidavit contained erroneous information and (2) that the police officers knew the information was erroneous or the police officers recklessly disregarded the truth. <u>United States v. Amerson</u>, 185 F.3d 676, 688 (7th Cir. 1999) (citing <u>United States v. Pritchard</u>, 745 F.2d 1112, 1119 (7th Cir. 1984)). A defendant's demonstration that an affidavit contains inaccurate information is insufficient. Rather the defendant must also demonstrate that the affiant knew, or should have known, that the statement was false. In this regard, the focus is upon the state of mind of the affiant. <u>United States v. Jones</u>, 208 F.3d 603, 607 (7th Cir. 2000); <u>United States v. Roth</u>, 201 F.3d 888, 892 (7th Cir. 2000). Only if the defendant is able to make a substantial preliminary showing that the affiant acted intentionally or recklessly will a court grant a motion for a <u>Franks</u> hearing. <u>United States v. Whitley</u>, 249 F.3d 614, 620 (7th Cir. 2001). "Because states of mind must be proved circumstantially, a fact finder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations." <u>Id.</u> at 621 (citing <u>United States v. Williams</u>, 737 F.2d 594 (7th Cir. 1984)) (internal quotation marks omitted). Conclusory statements do not constitute a "substantial preliminary showing." <u>United States v. Taylor</u>, 154 F.3d 675, 680 (7th Cir. 1998). The court will apply the above standards to the foregoing requests for evidentiary hearings.

First, the court finds that Mejia has failed to make the requisite substantial preliminary showing and therefore is not entitled to an evidentiary hearing. Mejia simply makes conclusory assertions about the reliability of the informants that are undeveloped and unsupported. The defendant implies that because the CI may not have been an eyewitness to related events, this

makes the CI unreliable. Such conclusory assertions are insufficient. Additionally, suppression is appropriate only if the allegedly false information would have undermined the probable cause determination. Franks, 438 U.S. at 156. Even though the search warrant is contained in the discovery materials, neither party has provided this court with a copy. Thus, Mejia has failed in his burden of demonstrating that the allegedly false statements were necessary to the finding of probable cause. Therefore, the court shall deny Mejia's request for a Franks hearing. (Docket No. 767).

As for Moreno's request for a Franks hearing, the affidavit in support of the search warrant establishes the past reliability of the informant. Moreno has failed to demonstrate that at the time this warrant was applied for, the affiant knew or should have known that Moreno was not at his residence during the past seven days and thus the informant's alleged conversations could not have occurred during that time period. Even if Moreno could demonstrate that the affiant knew or should have known that Moreno had been arrested by the tribal police, simply knowing of Moreno's arrest would not have undermined that confidential informant's allegation that he had seen Moreno with firearms in his residence within the past seven days. It is only if the affiant knew that Moreno had not been home prior to the shooting on February 23, 2005 or between the shooting and his arrest that the probable cause may have been undermined. Moreno provides no argument as to how the affiant could have known this much less that he did or should have known this at the time he swore to the affidavit. Therefore, Moreno has failed to make the requisite substantial preliminary showing and Moreno's motion for a Franks hearing shall be denied.

As for Tello, the defendant has failed to establish that the affidavit contains any false or misleading statements regarding the confidential informant's information as to Tello's involvement in the shooting that occurred on June 4, 2002. Tello attempts to argue that the fact that there is no indication that the informant was an eyewitness and there is no information indicating the source of

6

the informant's knowledge somehow constitutes a falsehood and necessitates the need for a <u>Franks</u> hearing. The absence of any incorrect information negates the need for a <u>Franks</u> hearing.

As for Tello's argument that information from a different confidential informant should have been excluded because that informant had provided information that had been discredited, the court finds that this allegation is insufficient to justify a <u>Franks</u> hearing. The fact that an informant that has proven reliable in the past provides information that in one instance is contradicted by other witnesses does not mean that the informant is entirely discredited. Certainly, there is the possibility that the other witnesses may have been mistaken or untruthful. Therefore, if the fact that the informant's story in one other instance varied from that of other witnesses had been included in the affidavit, these facts would not have undermined the probable cause determination. Therefore, Tello has failed to meet his burden in demonstrating that a <u>Franks</u> hearing is necessary.

As for Tello's argument that the affidavit did not contain recent information connecting Tello to the 15th Street residence or criminal activities of the Latin Kings, these arguments are not appropriate grounds to justify a <u>Franks</u> hearing. Similarly, Tello's argument that there is no basis to conclude that "Latin King literature" was likely to be found in the target residence is not an appropriate grounds to justify a <u>Franks</u> hearing. Therefore, the court shall deny Tello's request for a <u>Franks</u> hearing. (Docket No. 762).

**OTHER MOTIONS REQUESTING EVIDENTIARY HEARINGS**

**Richard Kerner** ("Kerner") has filed a motion to suppress evidence seized by law enforcement following an allegedly illegal entry of 1313 South 38th Street, Milwaukee, Wisconsin. (Docket No. 775.) This residence is that of Kerner's mother. Law enforcement went to the residence possessing an arrest warrant for Kerner; however, law enforcement did not have a search warrant for the residence. Kerner asserts that although he did spend the night at the residence, thus establishing a privacy interest in the residence, he contends that he did not reside at the house.

Kerner further alleges that law enforcement's search went beyond the permissible limits of a protective sweep. Kerner requests an evidentiary hearing and estimates that such a hearing would take two hours.

The government has replied and agrees that an evidentiary hearing is necessary to resolve Kerner's motion. (Docket No. 786.) Therefore, the court shall grant Kerner's request for an evidentiary hearing.

**Rogelio Guarnero** ("Guarnero") has filed a motion to suppress all evidence obtained by law enforcement from a duplex located at 2240 South 6th Street, Milwaukee, Wisconsin, pursuant to the execution of a search warrant on January 31, 2005. (Docket No 759.) As a basis for this motion, Guarnero alleges that the officers exceeded the scope of the warrant. Specifically, Guarnero alleges that the warrant authorized the search of the residence for firearms and ammunition. Officers found a short barreled shot gun on the floor nearby Guarnero, a shotgun in a bedroom closet, and seventy-three unfired and one fired shotgun shells. The officers then continued the search after these firearms and ammunition were recovered and found four clear plastic baggies containing marijuana in a dining room cabinet and additional shotgun shells in the basement. Guarnero argues that upon finding the shotgun and ammunition, the search should have stopped. Additionally, Guarnero points out that the search warrant did not authorize the seizure of marijuana. Guarnero requests an evidentiary hearing to resolve this motion and estimates that a hearing would require two hours of court time.

The government has responded and objects to Guarnero's request for an evidentiary hearing. Having reviewed Guarnero's motion, the court finds no need for an evidentiary hearing to resolve Guarnero's motion. If the court accepts the factual assertions contained in Guarnero's motion as true, they do not form a basis for suppression. These facts fail to establish that the officers exceeded the scope of the search warrant. Therefore, no hearing is needed to establish such facts.

As described in Guarnero's motion, the search warrant was obtained to investigate the crime of possession of a short barreled shotgun and described the objects of the search as "Firearms and ammunition" and documents to show who was in control of the premises. By its clear and unambiguous terms, the warrant authorized the seizure of multiple firearms and rounds of ammunition. The warrant does not authorize the seizure of only one or two specifically identifiable firearms or rounds or ammunition but rather authorized the seizure of any and all firearms or rounds of ammunition found as a result of a search of the residence. It is contrary to the plain authorization of the warrant to expect that the officers stop upon the seizure of two firearms and seventy-four rounds of ammunition rather than continue the comprehensive search of the residence in an effort to uncover a third firearm or seventy-fifth round of ammunition. United States v. Buckley, 4 F.3d 552, 557 (7th Cir. 1993) ("Where a warrant permits the search for firearms, the officers need not stop just because they found one."). In fact, as the search continued, additional ammunition was found.

As for the seizure of the marijuana, Guarnero does not allege that the illegal nature of the marijuana was not readily apparent to the officers conducting the search. Rather, Guarnero argues that the officers were not in a lawful position to observe the marijuana in the dining room cabinet because the search should have been completed upon the recovery of the two firearms and seventy-four round of ammunition, and therefore seizure under the plain view doctrine, see Horton v. California, 496 U.S. 128, 136-37 (1990), was not appropriate. This argument is without merit. As explained above, it was entirely reasonable that the officers continue their search after recovering the two firearms and seventy-four rounds of ammunition. Additionally, it was entirely reasonable that the officers look inside a dining room cabinet on the basis that ammunition and to a lesser degree firearms may be secreted in very small or non-traditional spaces. See United States v. Evans, 92 F.3d 540, 543 (7th Cir. 1996). Therefore, Guarnero's request for an evidentiary hearing shall be denied.

9

Case 2:05-cr-00240-RTR   Filed 03/05/07   Page 9 of 17   Document 817

**Jesus Tello** has filed three other motions wherein he requests evidentiary hearings: motion to dismiss counts one and two of the indictment for pre-indictment delay (Docket No. 763); motion to dismiss counts one and two of the indictment for post-indictment delay (Docket No. 764); motion for disclosure of confidential informant information (Docket No. 765). The court shall address each of these in turn.

As for Tello's motion to dismiss for pre-indictment delay (Docket No. 763), Tello argues that the government has failed to explain the reason as to why Tello's identification was delayed for nearly three years, does not disclose when CI-1 provided the government with information, and that Tello's defense has been prejudiced because Tello is unable to locate certain defense witnesses. Tello further argues that charges could have been brought much earlier and by the government's failure to wait and pursue a large RICO conspiracy case, Tello will be prejudiced by the collateral evidence relating to other criminal acts and the fact that some defendants have chosen to cooperate.

As for Tello's motion to dismiss for post-indictment delay (Docket No. 764), Tello argues that his ability to prepare and present a defense has been prejudiced by the government's decision to create an unmanageably large case that exceeds the government's resources to expeditiously resolve the case.

Tello argues that an evidentiary hearing is necessary regarding both these motions to determine whether there is sufficient evidence to support Tello's claim that a material witness is not available for trial and that the government delayed filing the indictment against Tello in order to gain a tactical advantage or for some other improper purpose.

As for the Tello's motion for disclosure of confidential informant information, (Docket No. 765), Tello argues that he is entitled to the disclosure of the identities of CI-1 and CI-4 on the grounds that these confidential informants are transactional witnesses. Specifically, Tello points to the fact that CI-1 is the only person in the search warrant application to identify Tello as the
10
Case 2:05-cr-00240-RTR   Filed 03/05/07   Page 10 of 17   Document 817

shooter, but the affidavit does not indicate whether CI-1's information is based upon his direct observations or hearsay. Tello argues that he must know the basis for CI-1's information in order to challenge the search warrant and to present his argument that the indictment should be dismissed for pre-indictment delay. As for CI-4, Tello argues that it is essential that the identity of this informant be disclosed because CI-4's information, as outlined in the search warrant affidavit, are contradicted by other witness statements provided in the discovery materials. Tello states that the matters in dispute are (1) whether the identities of these witnesses are necessary to a full and fair hearing regarding Tello's motion to suppress and a motion to dismiss for pre-indictment delay and (2) whether these informants should remain confidential for their safety and protection until the government discloses its intent to call the informants as witnesses.

As for these three of Tello's motions, the court shall deny Tello's requests for evidentiary hearings on the basis that Tello has failed to present a sufficiently definite, non-conjectural basis to permit this court to conclude that an evidentiary hearing is necessary to resolve a disputed issue of material fact that will affect the outcome of the motion. See Coleman, 149 F.3d 674, 677. Tello's motions may be resolved without the benefit of an evidentiary hearing.

**MOTIONS CHALLENGING IDENTIFICATION PROCEDURES**

A defendant's constitutional right to due process can be violated if there is a "substantial likelihood of irreparable misidentification." Gregory-Bey v. Hanks, 332 F.3d 1036, 1044 (7th Cir. 2003) (quoting Neil v. Biggers, 409 U.S. 188, 198 (1972)). Before a court may determine the an identification procedure was unconstitutional, the defendant must first demonstrate that the procedures utilized were unduly suggestive. Id. at 1045 (citing United States v. Traeger, 289 F.3d 461, 473-74 (7th Cir. 2002); United States v. Harris, 281 F.3d 667, 670 (2002)). If the defendant successfully demonstrates that the identification procedure was unduly suggestive, the court must

11
Case 2:05-cr-00240-RTR   Filed 03/05/07   Page 11 of 17   Document 817

then evaluate the totality of the circumstances to determine whether the identification was nonetheless sufficiently reliable. Id.

> In assessing the reliability of an identification procedure, the courts consider the following factors:
>
> > (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.

Id. (quoting Neil v. Biggers, 409 U.S. 188, 199-200 (1972)).

**Thomas Wylie** ("Wylie") has filed a motion to suppress his identification on the basis that the photo array utilized by police was unduly suggestive. (Docket No. 758.) On October 7, 2001, a shooting occurred at 1652 South 21st Street, Milwaukee, Wisconsin. Numerous persons witnessed this shooting including Reynaldo Murillo ("Reynaldo") and Ulysses Murillo ("Ulysses"). Reynaldo reported that the persons who did the shooting were yelling, "King love, King love, almighty." Almost three years after the incident, Ulysses was shown a photo array and identified Wylie as one of the individuals involved in the October 7, 2001 shooting. Wylie argues that the photo array was unduly suggestive because Wylie, and only Wylie, is depicted with a plainly visible crown tattoo. Wylie requests an evidentiary hearing and estimates that one hour would be sufficient time to conduct the hearing.

The government has responded to Wylie's motion and objects to the need for an evidentiary hearing on the basis that Wylie has failed to make a prima facie showing that the identification procedures were unduly suggestive.

The court disagrees with the government. Having reviewed the photo array, a poor copy of which is included as Exhibit 2 to the defendant's motion, the court concludes that there is sufficient reason to believe that the identification procedure utilized may have been unduly suggestive. Only

12

Wylie is depicted with a crown tattoo. Admittedly, Wylie presents no evidence to indicate that Ulysses heard the "King love" statements or identified the shooters as Latin Kings. However, the fact that another witness, Reynaldo, heard the statements, permits a sufficient inference to be made that Ulysses also heard the statements so that a hearing is necessary.

Additionally, should the evidence indicate that the identification procedure was unduly suggestive, additional evidence is required to determine whether the identification was nonetheless reliable. Therefore, the court shall grant the defendant's motion for an evidentiary hearing.

**Jesus Tello** has filed a motion seeking to suppress identification testimony of government witnesses, including both in- and out-of-court identifications, regarding the act alleged in Racketeering Act 14. (Docket No. 761.) As support, he points to the fact that nearly three years had passed between the shooting and the identification. Tello argues that the passage of time renders the identification inherently unreliable. Additionally, the victim allegedly was unable to provide a description of one of the persons involved in the shooting but yet three years later was able to identify Tello as the shooter. Tello further alleges that the identification procedure was tainted by the police permitting the victim to be accompanied by a friend who acted as a translator and communicated with the victim. Tello also alleges that the victim had heard from persons who are not identified in the discovery materials that Tello was the shooter. Tello then speculates that if the victim was told a name, he might have also been told a description of Tello, had an opportunity to identify Tello before the identification procedure, the photographic display may have disclosed the names or initials of the persons depicted, or may have been placed in alphabetical order.

Further, Tello points to the fact that no identification procedures were utilized with other potential witnesses. Finally, Tello speculates that his photo may have been included in the numerous photo arrays shown to the victim shortly after the shooting. Tello requests an evidentiary hearing and estimates that three hours of in-court time would be necessary to complete the hearing.

13

The government has not responded to this motion of Tello's. However, even absent the government's response, the court finds no basis to grant the defendant's motion for an evidentiary hearing. Tello's motion rests almost entirely upon speculation. The only non-speculative fact that the defendant alleges renders the identification process unreliable is the fact that nearly three years passed between the incident and the identification. However, the lapse of time between observation and identification is relevant only to the question of whether the identification was nonetheless reliable despite the unduly suggestive procedure. A lapse of time does not render an identification unduly suggestive.

The alleged facts that the victim was not able to identify the shooter soon after the shooting, a friend of the victim was present at the identification and acted as a translator, the victim may have learned Tello's name prior to the identification, and the identification was not confirmed by other witnesses, are relevant, if at all, to the question of whether an identification was reliable. A defendant is not entitled to an evidentiary hearing on this factor unless it can first be shown that the identification procedure itself was unduly suggestive. Because Tello has failed to demonstrate that the identification was unduly suggestive, the court need not consider these alleged facts.

If the victim had known Tello's name and Tello's name or initials may have appeared next to his photo, the identification may have been unduly suggestive. However, this allegation is entirely speculative as Tello provides no support for it. Similarly, Tello provides no support for his allegation that the victim may have seen Tello's photograph when he previously attempted to identify the shooter. Therefore, Tello has failed to demonstrate that the identification procedure utilized was unduly suggestive and therefore Tello's request for an evidentiary hearing as to this motion shall be denied.

14

**MOTIONS FOR <u>DAUBERT</u> HEARING**

Bobby Palacios ("Palacios") has filed a motion to conduct a hearing pursuant to Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) regarding the proposed expert testimony of John Belsha. (Docket No. 771.)

Carlos Avila and Jorge Barragon have filed similar motions to conduct a <u>Daubert</u> hearing and seek to adopt to reasoning set forth in Palacio's motion. (Docket Nos. 781 and 782 respectively). Jesus Tello has also filed a motion to conduct an evidentiary hearing regarding the proposed expert testimony of John Belsha. (Docket No. 766.)

Because these motions directly relate to the conduct of the trial, this court believes that such motions and related requests for hearings are best resolved by the trial court. Therefore, this court shall defer resolution of these motions to Chief Judge Randa.

**MOTIONS TO FILE ADDITIONAL MOTIONS**

Mejia has also filed a motion to seeking permission to file additional motions on the basis that the government recently provided the defendant with more than five hundred pages of additional discovery. Numerous other defendants have filed similar motions. (<u>See</u> Docket Nos. 538, 638, 644, and 669.) Mejia's motion, like all similar previously filed motions, rests entirely upon speculation and therefore shall be denied as have all other similar motions. (<u>See</u> Docket Nos. 540 and 638).

One of the defendants who had previously requested leave to file additional motions is Joe Sanchez. Despite the fact that this court has explicitly advised Joe Sanchez's attorney, Toni Laitsch, that deadlines would not be extended based upon speculation but rather any extension based upon additional discovery requires a showing of good cause, (Docket No. 540), Attorney Laitsch has again filed a similar motion seeking permission to file additional motions on the speculative basis

15

that the discovery recently provided by the government may require additional motions. (Docket No. 780.) This new motion shall again be denied.

All defendants are advised that if additional motions become necessary based upon newly provided discovery, a defendant shall submit a motion to file instanter to this court that is supported by a showing of cause for failure to comply with the court's motions deadlines. No defendant shall file a motion for leave to file additional motions based upon the speculative basis that the government has or may provide additional discovery that, once reviewed by defense counsel, may warrant the filing of additional motions.

**IT IS THEREFORE ORDERED** that Mejia's (Defendant No. 33) motion for a Franks hearing (Docket No. 767) is **denied**.

**IT IS THEREFORE ORDERED** that Moreno's (Defendant No. 34) motion for a Franks hearing (Docket No. 772) is **denied**.

**IT IS THEREFORE ORDERED** that Tello's (Defendant No. 45) motion for a Franks hearing (Docket No. 762) is **denied**.

**IT IS FURTHER ORDERED** that Kerner's (Defendant No. 29) motion for an evidentiary hearing (Docket No. 775) is **granted**. An evidentiary hearing shall be conducted on **April 9, 2007** at **9:30 a.m.** in Courtroom 254 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The court has scheduled two hours of court time for this hearing.

**IT IS FURTHER ORDERED** that Guarnero's (Defendant No. 27) motion for an evidentiary hearing (Docket No. 759) is **denied**.

**IT IS FURTHER ORDERED** that Tello's (Defendant No. 45) motion for an evidentiary hearing regarding his motion to dismiss counts one and two of the indictment for pre-indictment delay (Docket No. 763) is **denied**.

**IT IS FURTHER ORDERED** that Tello's (Defendant No. 45) motion for an evidentiary hearing regarding his motion to dismiss counts one and two of the indictment for post-indictment delay (Docket No. 764) is **denied**.

**IT IS FURTHER ORDERED** that Tello's (Defendant No. 45) motion for an evidentiary hearing regarding his motion for disclosure of confidential informant information, (Docket No. 765), is **denied**.

**IT IS FURTHER ORDERED** that Wylie's (Defendant No. 49) motion for an evidentiary hearing (Docket No. 758) is **granted**. An evidentiary hearing shall be conducted on **April 9, 2007** at **1:30 p.m.** in Courtroom 254 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The court has scheduled two hours of court time for this hearing.

**IT IS FURTHER ORDERED** that Tello's (Defendant No. 45) motion for an evidentiary hearing regarding his motion to suppress his identification (Docket No. 761) is **denied**.

**IT IS FURTHER ORDERED** that Joe Sanchez (Defendant No. 43) (Docket No. 780) and Gonzalo Mejia's (Defendant No. 33) (Docket No. 769) motions to file supplemental motions based upon additional discovery are **denied without prejudice**. All defendants are advised that if additional motions become necessary based upon newly provided discovery, a defendant shall submit a motion to file instanter to this court that is supported by a showing of cause for failure to comply with the court's motions deadlines. No defendant shall file a motion for leave to file additional motions based upon the speculative basis that the government has or may provide additional discovery that, once reviewed by defense counsel, may warrant the filing of additional motions.

Dated at Milwaukee, Wisconsin this 5th day of March, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge